```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
TYRONE JACKSON,                    :
                                   :
          Plaintiffs,              :
                                   :
    -against-                      :  04 Civ. 3915 (MBM)
                                   :
                                   :  OPINION & ORDER
JOSHUA MARSHALL, Shield            :
# 04916; PATRICK JARDINE;          :
CHARLES WHITT; CITY OF NEW YORK;   :
DETECTIVE JOHN DOE                 :
                                   :
          Defendants.              :
----------------------------------X
```

TYRONE L. JACKSON
(Plaintiff pro se)
04-A-1354
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562-5442
(914) 941-0108

ROBERT M. MORGENTHAU, ESQ.
District Attorney, New York County
as Special Assistant Corporation
Counsel for Charles Whitt
ELLEN SUE HANDMAN, ESQ.
Assistant District Attorney
One Hogan Place
New York, NY 10013
(212) 335-9000

MICHAEL B. MUKASEY, U.S.D.J.

Tyrone Jackson sues the City of New York, three New York City Police detectives, and New York County Assistant District Attorney Charles Whitt under 42 U.S.C. § 1983 (2000), accusing defendants of false arrest, unlawful imprisonment, malicious prosecution, abuse of process, and conspiracy to violate his constitutional rights.  On May 24, 2004, I dismissed plaintiff's claims in this lawsuit against defendants Stuart R. Singer, Lawrence G. Reuter, William J. Fraser, and Michael R. Bloomberg.  (No. 04 Civ. 3915, Dkt. No. 3)  In this motion, defendant Whitt moves to dismiss the claims against him, arguing that he should receive the benefit of prosecutorial immunity, and that plaintiff's complaint fails to state a claim.  As explained below, because no relief on plaintiff's claims is possible under any set of facts consistent with the allegations against defendant Whitt, see Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), the motion is granted, and plaintiff's claims against defendant Whitt are dismissed.

I.

The facts, as set forth in the complaint and read in the light most favorable to plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), are as follows.  On January 21, 2003, plaintiff was in custody on a second-degree robbery charge, for

1

which he had been arrested the previous day. (Compl. at 3-4)
While awaiting arraignment, plaintiff alleges that defendant
Detective Joshua Marshall and his partner (Detective John Doe)
placed him in a lineup for an unrelated case involving an assault
on an MTA employee, defendant Patrick Jardine. (Id. at 4, 4D)
According to plaintiff, the detectives did not have a warrant,
reasonable suspicion, or probable cause to justify their decision
to put him in the lineup. (Id. at 4A) The detectives allegedly
refused plaintiff's request to have his attorney present at the
lineup, and threatened him with force if he did not participate,
informing him that he could either "do it the easy way or the
hard way . . . ." (Id.)

At the lineup, Defendant Jardine identified plaintiff
as his assailant (Id. at 4C-4D); consequently, on January 22,
2003, plaintiff was charged with second degree felony assault,
and arraigned on that charge that same day. (Id. at 4B) On
January 27, 2003, Assistant District Attorney Whitt reduced the
felony assault charge to a third degree misdemeanor assault
charge. (Id. at 4C) On February 14, 2003, plaintiff filed a
motion to suppress the lineup identification, alleging violations
of his Fourth and Fourteenth Amendment rights and New York law.
(Id. at 4D) That motion was denied (id. at 4F), and plaintiff's
attorney on the assault charge consented to "very long
adjournments" (id. at 4E) of the case, while plaintiff remained

in custody with bail set at $12,500 -- $2500 on the assault charge and $10,000 on the robbery charge (id. at 4F).

After a trial, Jackson was convicted of second degree robbery, and in March 2004, he was sentenced to 16 years to life. He is currently incarcerated on that offense. On March 24, 2004, the assault charge against Jackson was dismissed on motion of the prosecution. (Whitt Br. At 18)

Plaintiff accuses the City of New York and the employees of the New York County District Attorney's Office of maliciously prosecuting him for a crime he did not commit. (Compl. At 4H) He alleges that defendant Whitt initiated the assault prosecution against him "due to a wrong or improper motive, something other than a desire to see the ends of justice served." (Id.) Plaintiff claims also that Whitt is liable for false arrest, unlawful imprisonment, and abuse of process in connection with his January 21, 2003 arrest on the assault charge. (Id. at 4I) Additionally, plaintiff claims that Whitt joined in a conspiracy with all other defendants to deprive him of his constitutional rights (id. At 4J). Specifically, he asserts that his $12,500 bail was constitutionally excessive (id. at 4F), and that his detention for more than a year before the assault charge was dismissed was cruel and unusual punishment (id. at 4G).

Finally, plaintiff argues that his robbery conviction

should be invalidated for two reasons. First, plaintiff argues that the robbery conviction is "fruit of the poisonous tree," because the assault arrest delayed his arraignment on the robbery charge, thereby preventing him from testifying before the grand jury in the robbery case. (Id. at 5, 6A) Second, he claims that Whitt conspired with two New York State Supreme Court Judges to convict him of the robbery offense. (Id. at 5A)

Jackson requests $100 million in compensatory and punitive damages; a declaratory judgment that his robbery conviction is invalid as "fruit" of his unlawful arrest on the assault charge; and the dismissal of the robbery charge against him. (Id. at 6, 6A)

Whitt argues that the claims against him must be dismissed because he receives the benefit of prosecutorial immunity, because he lacks personal involvement in most of plaintiff's claims against him, and because the allegations in the complaint are conclusory, vague, and fail to state claims for relief.

II.

A. Prosecutorial Immunity

District attorneys acting in their official capacities are state actors, and therefore may not be sued for damages under the Eleventh Amendment. Ying Jing Gan v. City of New York, 996

4

F.2d 522, 535-36 (2d Cir. 1993) (barring suit against assistant district attorney regarding his decision whether or not, and on which charges, to prosecute).

Similarly, prosecutors are absolutely immune from civil suit in their individual capacities if they are performing duties that are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). When a prosecutor acts as an investigator or administrator rather than as an advocate and officer of the court, he receives only qualified immunity. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993); see also Doe v. Phillips, 81 F.3d 1204, 1213 (2d Cir. 1996) ("In short, absolute immunity insulates prosecutorial misconduct -- however outrageous -- so long as the misconduct is prosecutorial.").

Jackson alleges that Whitt commenced the assault prosecution against him out of an improper motive, but it is well settled that prosecutors receive absolute immunity for any allegations relating to the initiation of prosecutions, Buckley, 509 U.S. at 273; see also Kalina v. Fletcher, 522 U.S. 118, 123-27 (1997); Imbler, 424 U.S. at 410. That immunity extends to bail hearings and any other acts the prosecutor takes to prepare for initiation of judicial proceedings or for trial. Smith v. Garretto, 147 F.3d 91, 94 (2d Cir. 1998). Moreover, "a prosecutor is immune from a suit to recover for an injury arising

5

solely from the prosecution itself -- e.g., being compelled to stand trial or to suffer imprisonment or pretrial detention." Lee v. Willins, 617 F.2d 320, 322 (2d Cir. 1980).

Finally, a prosecutor's presentation of a case before a grand jury "falls squarely within the prosecutor's traditional function." Maglione v. Briggs, 748 F.2d 116, 118 (2d Cir. 1984); see also Buckley, 509 U.S. at 273; see, e.g., Braxton v. Brown, No. 96 Cv. 187, 1997 U.S. Dist. LEXIS 21667, at *5-*6 (E.D.N.Y. Jan. 28, 1997) (holding that prosecutor who refused to allow defendant to testify before a grand jury was absolutely immune from civil suit).

Therefore Whitt can have no liability arising from plaintiff's allegations of malicious prosecution, or from his claims relating to his grand jury testimony, bail, and pretrial detention.

B. Conspiracy Claims

Jackson claims that Whitt was involved in two conspiracies against him: one in which he joined with the other defendants to deprive Jackson of his constitutional rights, and one in which he joined with two New York State Supreme Court judges to convict Jackson wrongfully of the robbery offense. Defendant is immune from plaintiff's conspiracy claims relating to plaintiff's bail and detention, and Whitt's decision to

prosecute; Whitt's role in those proceedings was as an advocate for the state, and he may not be sued when acting in that capacity. See Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutor who allegedly conspired to present false evidence at trial was held to be absolutely immune because prosecutorial immunity applies to "all actions relating to their advocacy," including conspiracies).

Plaintiff's claim that Whitt conspired with two State Supreme Court judges also must be dismissed. If Whitt participated in this conspiracy while acting as an advocate, then he receives absolute immunity, as discussed above; if Whitt was acting not as an advocate but as an investigator during that alleged conspiracy, he would receive only qualified immunity as to that claim. See Buckley, 509 U.S. at 273. However it is impossible to discern Whitt's role in the alleged conspiracy with the two judges, because plaintiff does not provide any details as to the actions Whitt took in furtherance of the conspiracy, nor does he state when or where the conspiracy occurred. A complaint, such as this one, "'containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.'" Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591 (2d Cir. 1999) (quoting Sommer v. Dixon, 709 F.2d 173, 175 (2d Cir. 1983)). Therefore even if Whitt were not immune from this or any other of

7

plaintiff's claims, all of plaintiff's conspiracy claims must be dismissed because they are facially frivolous and fail to state a claim on which relief may be granted. See also 28 U.S.C. § 1915(e)(2)(b) (requiring dismissal of in forma pauperis complaints that are frivolous or malicious; that are filed against those who are immune from suit; or that fail to state claims for relief).

B. False Arrest, Unlawful Imprisonment, Abuse of Process

Plaintiff seeks to hold Whitt liable for the events of January 21, 2003, when plaintiff was awaiting arraignment in his robbery case and was forcibly placed in the lineup for the assault case. However plaintiff's complaint nowhere alleges facts to show that Whitt was involved in the events of that day. According to the complaint, Detectives Marshall and John Doe were the individuals who threatened plaintiff and placed him in the lineup; the first time Whitt is mentioned is in connection with Whitt's decision to reduce the assault charge against Jackson from a felony to a misdemeanor. (Compl. at 4B)

"[A] plaintiff must establish a given defendant's personal involvement in the claimed violation in order to hold that defendant liable in his individual capacity under § 1983." Patterson v. County of Oneida, 375 F.3d 206, 229 (2d Cir. 2004). Personal involvement can include gross negligence in the

8

supervision of subordinates or the failure to take action upon receiving knowledge of constitutional violations, see Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995), but plaintiff alleges no such supervision or knowledge here. Plaintiff may not hold Whitt liable for actions he is not alleged to have known about or participated in. Plaintiff's claims relating to Whitt's involvement in the alleged false arrest, unlawful imprisonment, and abuse of process taking place on January 21, 2003 are dismissed.

\* \* \*

The numerous other reasons why the substantive claims against Whitt may be fatally flawed, see Whitt Br. at 12-25, need not be discussed here. Because plaintiff's complaint fails to state a claim for relief against Whitt and because Whitt receives the benefit of prosecutorial immunity, the motion to dismiss plaintiff's claims against defendant Whitt is granted.

SO ORDERED:

Michael B. Mukasey,
U.S. District Judge

Dated: New York, New York
June 21, 2005